(No. 97-CC-2793–

CHARLES E. KNOX, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, Respondent.

*Opinion filed October 2, 1997.*

CHARLES E. KNOX for Claimant.

JAMES E. RYAN, Attorney General (DIANN K. MARSALEK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

EPSTEIN, J.

Claimant Charles E. Knox, an inmate of the Department of Corrections (IDOC) brought this claim seeking reimbursement for damaged property in the amount of $255.99. The case is before us after hearing on the record and our Commissioner's report.

At the June 11, 1997, hearing on this claim, the Claimant testified that during his incarceration at Joliet Correctional Center he was the owner of a television and radio that were in working order prior to the alleged incident. Claimant testified that on or about October 30, 1996, he was watching his television when a "gush of smoke" came from the television and both the radio and television became inoperable. He testified that one appliance was plugged into an extension cord and the other directly into the outlet, and asserts that the damage was the result of an electrical power surge at the institution. Claimant produced receipts for the television in the amount of $204.34 and for the radio in the amount of $51.65.

The Respondent produced William Schriever, a Plant Maintenance Engineer II, and the Chief Engineer for the Correctional Center. Mr. Schriever testified that he had reviewed the facts and allegations, and that there was no evidence of a power surge on that date.

Claimant urges us to find that a power surge occurred, and that it was the cause of the injury to his personal property. Claimant then asks us to find that the Respondent was negligent (and presumably that that negligence caused the power surge somehow) and thus liable to Claimant for the cost of the appliances.

Claimant has produced no evidence—by testimony or by documentation—of (1) a power surge, (2) such a surge "causing" injury to the appliances, (3) any negligence by the IDOC, or (4) any causal connection between IDOC acts or omissions and a power surge. In short, this claim is 100% unsubstantiated and baseless, except for the lonely fact that Claimant's property was damaged somehow. This is not a close case.

For the foregoing reasons, the court finds for the Respondent as to liability and denies this claim in its

entirety. It is therefore ordered that this claim is denied and forever barred.